**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**


**JUAN M. CAZARES,
ALIEN # A36-744-432,**

      **Petitioner,**

**vs.**                        **Case No. 4:08cv178-SPM/WCS**

**UNITED STATES DEPARTMENT OF
IMMIGRATION AND NATURALIZATION,**

      **Respondent.**

_____/


**REPORT AND RECOMMENDATION**

Petitioner has filed a document which concerns his previously submitted motion to amend, doc. 7.  Doc. 13.  Plaintiff indicates that what he actually intended was to supplement his initial petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, doc. 1.  The docket will be corrected to more accurately reflect Petitioner's intent.  In the future, Petitioner should be clear in titling his documents.  Doc. 14.  The Clerk of Court will be directed (in a separate order) to correct the docket and indicate the motion to amend, doc. 7, is a request to supplement the record.

Petitioner filed his amended petition on June 16, 2008.  Doc. 14.  This pleading asserts that Plaintiff's order of removal became final on February 4, 2008.  *Id.*, at 3.  Petitioner challenges the order of removal on the basis that it is premature because his

criminal appeal is not yet final.[1]  *Id.*  Petitioner contends his due process rights are

violated and he seeks withholding of removal.  *Id.*, at 4.

In a prior order entered on June 2, 2008, Petitioner was advised that if he was

not seeking a release from a period of indefinite detention under Zadvydas v. Davis, 533

U.S. 678 (2001), this Court could not proceed to review the merits of his petition.  Doc.

11.  Thus, pursuant to that order, Petitioner has advised that his petition is challenging

the order of removal and he requests that this case be transferred to the court of

appeals.  Doc. 14.

Petitioner is clearly not challenging detention because he is still currently in the

custody of the Florida Department of Corrections serving a criminal sentence.  Because

Petitioner is not simply contesting a period of indefinite detention under Zadvydas v.

Davis, 533 U.S. 678 (2001), but rather challenging the removal order, this Court lacks

jurisdiction over this § 2241 petition.  Pursuant to 8 U.S.C. § 1252(a)(2)(C), "no court

shall have jurisdiction to review any final order of removal against an alien who is

removable by reason of having committed a criminal offense covered in section

1182(a)(2)."

Although this Court would not have jurisdiction to consider Petitioner's appeal,

pursuant to 8 U.S.C. § 1252(a)(2)(c), such review (to the degree any review is possible)

could be obtained in the Court of Appeals.  *See* Balogun v. U.S. Atty. Gen., 425 F.3d

1356, 1359 (11th Cir. 2005) (noting the REAL ID Act loosened the jurisdictional

---

[1] Petitioner's initial petition, doc. 1, filed on April 18, 2008, alleged he was ordered removed to Mexico on November 13, 2007, and his appeal was denied by the Board of Immigration Appeals on February 4, 2008.  Petitioner alleged he had not yet exhausted his remedies because he wants to appeal his criminal conviction.  Doc. 1.

restraints of § 1252(a)(2)(c)); *see also* <u>Arias v. U.S. Atty. Gen.</u>, 482 F.3d 1281, 1284 (11th Cir. 2007).  The REAL ID Act now permits an alien who claims legal error in a final order of removal to petition the courts of appeals for review.  <u>Balogun</u>, 425 F.3d at 1360. The courts of appeal have exclusive jurisdiction to undertake judicial review.  8 U.S.C. § 1252(a)(5).

Moreover, the REAL ID Act[2] includes a transfer provision providing that "the district court shall transfer . . . to the court of appeals" any case "challenging a final administrative order of removal . . . ."  REAL ID Act of 2005, Pub.L. No. 109-13, § 106(c), 119 Stat. 231 (2005).  Therefore, pursuant to the REAL ID Act, codified at 8 U.S.C. § 1252(a)(2)(D), this case should be transferred to the Eleventh Circuit Court of Appeals.

**RECOMMENDATION**

In light of the foregoing, it is respectfully **RECOMMENDED** that this § 2241 action be **TRANSFERRED** to the Eleventh Circuit Court of Appeals as this Court lacks jurisdiction to review a final order of removal pursuant to 8 U.S.C. § 1252(a)(2)(D).

**IN CHAMBERS** at Tallahassee, Florida, on July 14, 2008.


 s/     William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

[2] The REAL ID Act of 2005, which amended 8 U.S.C. § 1252(a)(2)(D), gives the courts of appeals jurisdiction to decide questions of law and some constitutional claims. <u>Balogun v. U.S. Att'y Gen.</u>, 425 F.3d 1356, 1359 (11th Cir. 2005), *cert. denied*, 126 S.Ct. 1920 (2006), *cited in* <u>Arias v. U.S. Atty. Gen.</u>, 482 F.3d 1281, 1284 (11th Cir. 2007).

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

Case No. 4:08cv178-SPM/WCS